## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 11 C 9263 | DATE | 4/16/2012 |
| CASE TITLE | DEBORAH SMITH v. OCWEN LOAN SERVICING, LLC et al. | | |

### DOCKET ENTRY TEXT

Defendants' motion to dismiss is granted in part and denied in part. Plaintiff is granted leave to file an amended complaint by May 14, 2012. The parties shall exchange Fed. R. Civ. P. 26(a)(1) disclosures by May 21, 2012. **SEE BELOW FOR DETAILS.**

■ [ For further details see text below.]  Notices mailed by Judicial staff.

### STATEMENT

Plaintiff Deborah Smith sues Ocwen Loan Servicing, LLC, Homeq Servicing and Deutsche Bank National Trust Company ("defendants") alleging violations of the Fair Debt Collection Practices Act and the Illinois Collection Agency Act, common law fraud, conspiracy and intentional infliction of emotional distress. Smith also appears to allege violations of the Real Estate Settlement Procedures Act as well as state and federal civil rights statutes, though these claims are not enumerated as counts in her complaint. Smith requests monetary, compensatory and punitive damages as well as injunctive and declaratory relief. Defendants move to dismiss Smith's complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

Smith alleges defendants are debt collectors engaged in illegal practices. Defendants allegedly are attempting to collect on a mortgage loan Smith never entered into with any of the defendants. Though Smith requested verification and validation of the purported debt, defendants have not furnished this information. Instead, defendants have continued their collection activities. From May to December 2011, defendants called Smith on a daily basis. Defendants made false representations to Smith regarding the character and amount of the purported debt and communicated false credit information to others. Defendants also threatened, harassed and verbally abused Smith causing her severe emotional distress.

On a motion to dismiss under Fed. R. Civ. P. 12(b)(6), all well-pleaded allegations in the complaint are deemed true and all reasonable inferences are drawn in Smith's favor. *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 463 (7th Cir. 2010). The allegations must plausibly suggest Smith has a right to relief. *Wilson v. Price*, 624 F.3d 389, 391-92 (7th Cir. 2010). The complaint must set forth a short and plain statement of the claim showing entitlement to relief. Fed. R. Civ. P. 8(a)(2). Smith's complaint fails to satisfy the pleading requirements of Fed. R. Civ. P. 8. The complaint comprises over one hundred paragraphs, many of which are incomprehensible, and pleads evidentiary detail rather than succinct facts. The complaint also refers to

| | Courtroom Deputy Initials: | AIR |
|---|---|---|

defendants generally without attributing specific conduct to each individually. Compliance with Rule 8 ensures defendants and the court understand the claim, and whether it is valid. *Vicom, Inc. v. Harbridge Merchant Servs.*, 20 F.3d 771, 775 (7th Cir. 1994). Although *pro se* pleadings are liberally construed, the pleading must be understandable. *See Hudson v. McHugh*, 148 F.3d 859, 864 (7th Cir. 1998). While Smith initiated this lawsuit *pro se*, she is currently represented by counsel. Smith is granted leave to file an amended complaint. The amended complaint should be divided into counts setting forth the facts supporting each claim and should otherwise cure the deficiencies outlined above.

While Smith must amend her complaint before this case can move forward, several claims must be dismissed. She vaguely alleges violations under 42 U.S.C. §§ 1981 and 1983, 18 U.S.C. §§ 241 and 242, as well as the Illinois Human Rights Act, for violations of her civil rights. Though Smith alleges defendants were aware of her race, the complaint is devoid of any facts supporting the allegations that discriminatory animus motivated defendants' actions. This omission dooms Smith's § 1981 claim. To assert a claim under § 1983 there must be "state action." *See Wade v. Byles*, 83 F.3d 902, 904 (7th Cir. 1996). Defendants are not state actors and therefore Smith's §1983 claim fails as well. Because Smith does not state a civil rights claim she is not entitled to attorney's fees pursuant to § 1988.

Smith cannot state a claim under 18 U.S.C. §§ 241 or 242 either. These sections provide criminal penalties for violations of civil rights. They have no private right of action. *Chapa v. Adams*, 168 F.3d 1036, 1037-38 (7th Cir. 1999) (noting Supreme Court's reluctance to use criminal statutes as the basis for private rights of action); *Jones v. GES Exposition Servs., Inc.*, No. 02 C 6243, 2004 WL 2011396, at *7 n.5 (N.D.Ill. Sep. 7, 2004) (collecting cases holding §§ 241 & 242 are criminal statutes that cannot be prosecuted by private citizens).

The Illinois Human Rights Act broadly prohibits discrimination in connection with employment, real estate transactions, access to financial credit, and the availability of public accommodations. Smith avers violations of non-existent subsections of the Act making it impossible for defendants or the court to determine the nature of her claim. As set forth above, Smith also fails to allege defendants discriminated against her. For these reasons, her claim under the Illinois Human Rights Act also fails.

Finally, Smith's intentional infliction of emotional distress claim fails. The standard is exceptionally high. The defendant's conduct must be outrageous; "so extreme as to go beyond all possible bounds of decency, and to be regarded as intolerable in a civilized community." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 438 (7th Cir. 2009) (quoting *Kolegas v. Heftel Broad. Corp.*, 154 Ill.2d 1, 607 N.E.2d 201, 211 (1992)) (internal quotation marks omitted). The conduct Smith complains of –harassing debt collection methods, refusal to validate and verify a debt, and improperly contacting credit reporting agencies– fails to rise to this standard.